# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

**ROBERT EDDINGS,** on behalf of himself and all others similarly situated.

    Plaintiff,

v.

**GENERAL ALUMINUM MFG. COMPANY**

    Defendant.

CASE NO. 1:17-cv-00362

JUDGE

**COLLECTIVE ACTION COMPLAINT**

**JURY DEMAND ENDORSED HEREON**

Plaintiff Robert Eddings, by and through counsel, for his Complaint against Defendant General Aluminum Mfg. Company, states and alleges the following:

## INTRODUCTION

1. This case challenges policies and practices of Defendant that violated the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201-219.

2. Plaintiff brings this case as an FLSA "collective action" pursuant to 29 U.S.C. § 216(b), which provides that "[a]n action to recover the liability" prescribed by the FLSA "may be maintained against any employer … by any one or more employees for and in behalf of himself or themselves and other employees similarly situated." Plaintiff brings this case on behalf of himself and other "similarly-situated" persons who have joined or may join this case pursuant to § 216(b) ("the Opt-Ins").

## JURISDICTION AND VENUE

3. This Court has jurisdiction over Plaintiff's FLSA claims pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 216(b).

4. Venue is proper in this judicial district and division pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to Plaintiff's claims occurred here.

**PARTIES**

5. At all times relevant, Plaintiff was a citizen of the United States. Plaintiff worked for Defendant as an hourly employee within this district and division.

6. Defendant is an Ohio corporation with its corporate offices located at 6065 Parkland Blvd., Cleveland, Ohio 44124. It can be served through its registered agent Corporation Service Company, 50 West Broad Street, Suite 1330, Columbus, Ohio 43215.

**FACTUAL ALLEGATIONS**

**Defendant's Status as an "Employer"**

7. At all times relevant, Defendant was an "employer" within the meaning of the FLSA, 29 U.S.C. § 203(d).

8. Defendant's hourly employees included Plaintiff and the Opt-Ins.

9. At all times relevant, Defendant was an enterprise within the meaning of 29 U.S.C. § 203(r), and an enterprise engaged in commerce or in the production of goods for commerce within the meaning of 29 U.S.C. § 203(s)(1).

**Hourly Employees' Compensation**

10. Plaintiff and the Opt-Ins are current or former hourly employees of Defendant.

11. Plaintiff and the Opt-Ins frequently worked more than forty (40) hours in a single workweek, entitling them to overtime compensation under the FLSA. For example, Plaintiff would at times work up to 60 hours in a week.

12. Plaintiff and the Opt-Ins were not paid all of the overtime compensation they earned.

13. Plaintiff and the Opt-Ins regularly began work for the day up to 15 minutes before their scheduled start time but, pursuant to Defendant's uniform companywide policy, did not start getting paid until their scheduled start time.

14. Defendant also had a policy of failing to pay employees for time worked after their shift, until they worked at least 30 minutes over their scheduled shift.

15. Plaintiff and the Opt-Ins were full time employees regularly scheduled to work 40 hours a week or more. Thus, by failing to pay Plaintiff and the Opt-Ins for work performed before and after their scheduled shift, Defendant failed to pay Plaintiff and the Opt-Ins for all of their overtime in nearly every week in which they worked.

16. Additionally, Defendant paid Plaintiff and certain Opt-Ins bonuses for satisfactory attendance. Such bonuses were paid approximately quarterly. The amount of those bonuses was never included in determining Plaintiff and the Opt-Ins regular rate for overtime purposes. This also resulted in Plaintiff and the Opt-Ins receiving less overtime premium pay than they were owed.

## COLLECTIVE ACTION ALLEGATIONS

17. Plaintiff incorporates by reference the foregoing allegations as if fully rewritten herein.

18. Plaintiff brings this case as an FLSA "collective action" pursuant to 29 U.S.C. § 216(b), which provides that "[a]n action to recover the liability" prescribed by the FLSA "may be maintained against any employer … by any one or more employees for and in behalf of himself or themselves and other employees similarly situated."

19. The Opt-Ins who are "similarly situated" to Plaintiff with respect to Defendant's FLSA violations consist of:

> All present and former hourly employees of Defendant during the period three years preceding the commencement of this action to the present who worked more than forty hours in one or more workweeks.

20. Such persons are "similarly situated" with respect to Defendant's FLSA violations in that all were hourly employees of Defendant, all were subjected to and injured by Defendant's unlawful practice of failing to pay its employees for all hours worked, and all have the same claims against Defendant for unpaid wages and overtime compensation as well as for liquidated damages, attorneys' fees, and costs.

21. Conditional certification of this case as a collective action pursuant to 29 U.S.C. § 216(b) is proper and necessary so that such persons may be sent a Court-authorized notice informing them of the pendency of this action and giving them the opportunity to "opt in."

22. Plaintiff cannot yet state the exact number of similarly-situated persons. Such persons are readily identifiable through the payroll records Defendant has maintained, and was required to maintain, pursuant to the FLSA and Ohio law. 29 U.S.C. § 211(c) & 29 C.F.R. § 215.2; Ohio Const. art. II, § 34a.

## COUNT ONE
### (FLSA Overtime Violations)

23. Plaintiff incorporates by reference the foregoing allegations as if fully rewritten herein.

24. Plaintiff brings this claim for violation of the FLSA's overtime provisions on behalf of himself and the Opt-Ins who have joined this case pursuant to 29 U.S.C. § 216(b).

Plaintiff's written consent to becoming a party to this action pursuant to § 216(b) has been filed or will be filed with the Court.

25. The FLSA requires that non-exempt employees be paid at a rate of one and one half times their regular rate for every hour worked in excess of 40 in a workweek.

26. Defendant failed to pay Plaintiff and the Opt-Ins overtime compensation for all hours worked in excess of forty in a workweek.

27. Instead, Defendant had a companywide policy of failing to pay its employees for all time worked from the time they clocked in until their scheduled start time.

28. Defendant also had a policy of failing to pay overtime to employees for hours worked after their scheduled shift, until they worked at least 30 minutes past their scheduled shift

29. Further, Defendant failed to include attendance bonus payments when computing Plaintiff and certain Opt-In's regular rate for purposes of determining the proper overtime premium.

30. Defendant's practices resulted in Plaintiff and the Opt-Ins receiving less overtime compensation than they were owed.

31. By engaging in these practices, Defendant willfully violated the FLSA and regulations thereunder that have the force and effect of law.

32. As a result of Defendant's violations of the FLSA, Plaintiff and the Opt-Ins were injured in that they did not receive overtime compensation due to them pursuant to the FLSA. 29 U.S.C. § 216(b) entitles them to an award of "unpaid overtime compensation" as well as "an additional equal amount as liquidated damages." Section 216(b) further provides that "[t]he court … shall, in addition to any judgment awarded to the plaintiff or Plaintiff, allow a reasonable attorney's fee to be paid by the defendant, and costs of the action."

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests that the Court:

A. Conditionally certify this case as an FLSA "collective action" pursuant to 29 U.S.C. § 216(b) and direct that Court-approved notice be issued to similarly-situated persons informing them of this action and enabling them to opt in;

B. Enter judgment against Defendant and in favor of Plaintiff and the Opt-Ins;

C. Award compensatory damages to Plaintiff and the Opt-Ins in the amount of their unpaid wages as well as liquidated damages in an equal amount;

D. Award Plaintiff his costs and attorneys' fees incurred in prosecuting this action and such further relief as the Court deems equitable and just.

Respectfully submitted,

/s/ Hans A. Nilges
Hans A. Nilges (0076017)
Shannon M. Draher (0074304)
Michaela Calhoun (0093546)
Nilges Draher, LLC
4580 Stephen Circle, N.W.
Suite 201
Canton, Ohio 44718
330-470-4428
hans@ohlaborlaw.com
sdraher@ohlaborlaw.com
mcalhoun@ohlaborlaw.com

**JURY DEMAND**

Plaintiff hereby demand a trial by jury on all issues so triable.

/s/ Hans A. Nilges
Counsel for Plaintiff